**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

MASSACHUSETTS LOCAL FOOD
COOPERATIVE, INC.,

                         Plaintiff,

      v.

KEITH P. KOPLEY,

                       Defendant.

Civil Action No. 14-cv-40009

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Massachusetts Local Food Cooperative, Inc. ("Mass Local Food"), by and through its counsel, sets forth and alleges the following Complaint against Defendant Keith P. Kopley ("Kopley").

## NATURE OF THIS ACTION

1.     This is a civil action for cyberpiracy, arising under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, as amended by the Anticybersquatting Consumer Protection Act of 1999; and for unfair competition in violation of Chapter 93A of Massachusetts General Laws.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).  The Court also has supplemental jurisdiction over the claims arising out of state law pursuant to 28 U.S.C. §§ 1338(b) and 1367 because the state law claims arise out of the same operative facts as the federal claims.

3.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Mr. Kopley is an individual who is subject to the personal jurisdiction in this district.

## THE PARTIES

4.     Mass Local Food is a Massachusetts corporation with its principal place of business at 114 Coburn Avenue, Gardner, Massachusetts 01440.

5.     Defendant Kopley, upon information and belief, is an individual residing at 351 S. Ashburnham Road, Westminster, Massachusetts 01473.

## STATEMENT OF THE FACTS

6.     Mass Local Food has been serving its members since 2009. Mass Local Food is a food cooperative that allows consumer members to buy fresh local food directly from farmer/producer members through its online, year-round "farmer's market."

7.     Since as early as June 2009, Mass Local Food has been using the trademarks MASS LOCAL FOOD, MASSACHUSETTS LOCAL FOOD, and MASS LOCAL FOOD COOP (the "Marks").

8.     Mass Local Food has developed strong common law trademark rights in the Marks through its extensive promotion of its services.

9.     Mass Local Food maintains a website, www.masslocalfood.org, through which it provides its services.

10.     From March 2011 through May 2012, Mr. Kopley was a farmer/producer member of Mass Local Food.

11.     As a member of Mass Local Food, Mr. Kopley was aware of Mass Local Food's Marks.

12.     On information and belief, on February 15, 2013 Mr. Kopley purchased the domain name masslocalfood.com.

13.     Mr. Kopley had the masslocalfood.com domain redirected to resolve to his website, kalonfarm.com.

14.     On information and belief, Mr. Kopley filed an application to federally register the MASS LOCAL FOOD mark with the United States Patent and Trademark Office ("USPTO") (Ser. No. 85/915937) on April 26, 2013.

15.     Mass Local Food has never authorized Mr. Kopley to use the Marks, or any other similar term, as a trademark, a domain name, or otherwise in connection with his business.

16.     On June 20, 2013, Mass Local Food notified Mr. Kopley of its objection to Mr. Kopley's unauthorized use of the Marks, including the filing of an application for registration of the MASS LOCAL FOOD mark, and registration of the masslocalfood.com domain name.

17.     Relevant to this action, in the June 20, 2013 demand letter, Mass Local Food requested that Mr. Kopley arrange for the immediate transfer of the masslocalfood.com domain and any other similar local domains to Mass Local Food.

18.     Despite Mr. Kopley's initial promise to transfer the masslocalfood.com domain to Mass Local Food, Mr. Kopley failed to do so.

19.     The masslocalfood.com domain was not and has not been transferred to Mass Local Food.

20.     Upon information and belief, instead of transferring the masslocalfood.com domain to Mass Local Food, Mr. Kopley simply cloaked ownership of the domain through a privacy service.

21.     The masslocalfood.com domain name is currently parked at GoDaddy.com.

22.     Mr. Kopley's registration of the masslocalfood.com domain and redirection of said domain to kalonfarm.com was likely to cause confusion, deception, or mistake on the part of customers and prospective customers of the parties' respective services and as to the affiliation or sponsorship of Mass Local Food by Mr. Kopley and vice versa.

23.     Mr. Kopley's bad faith registration and use of masslocalfood.com violates Mass Local Food's rights in its distinctive Marks, all to the irreparable and significant harm of Mass Local Food.

24.     On information and belief, Mr. Kopley has been unjustly enriched in his profits as a result of his unauthorized registration of the masslocalfood.com domain.

## COUNT ONE:
## CYBERSQUATTING UNDER 15 U.S.C. § 1125(D)

25.     Mass Local Food hereby incorporates and repeats each allegation set forth in paragraphs 1 through 24.

26.     The domain name masslocalfood.com is, for all intents and purposes, identical or confusingly similar to Mass Local Food's Marks.

27.     Mass Local Food's Marks were distinctive at the time of registration of the masslocalfood.com domain.

28.     Mr. Kopley had and has a bad faith intent to profit from and harm Mass Local Food and Mass Local Food's Marks.

29.     Facts evidencing Mr. Kopley's bad faith include:

(a) Mr. Kopley does not have any trademark or other intellectual property rights in the masslocalfood.com domain name;

(b) Mr. Kopley has not used the masslocalfood.com domain name in connection with the *bona fide* offering of any goods or services;

(c) Mr. Kopley has not made any demonstrable preparation to use masslocalfood.com domain name in connection with a *bona fide* website; and

(d) Mr. Kopley does not, and are not authorized to, use Mass Local Food's Marks for a *bona fide* noncommercial or fair use in a website accessible under the masslocalfood.com domain name.

30. On information and belief, Mr. Kopley, as a former member of the Massachusetts Local Food Cooperative, was aware of Mass Local Food's rights to the MASS LOCAL FOOD mark at the time he registered the masslocalfood.com domain name.

31. On information and belief, Mr. Kopley willfully undertook the foregoing acts with knowledge of and disregard for Mass Local Food's rights.

32. Mr. Kopley's foregoing acts have caused, are causing, and will cause, great and irreparable injury to Mass Local Food. Unless such acts are restrained by this Court, Mass Local Food will continue to suffer such injury.

**COUNT TWO:**
**UNFAIR COMPETITION UNDER MASS. GEN. LAWS CH. 93A**

33. Mass Local Food hereby incorporates and repeats each allegation set forth in paragraphs 1 through 32.

34.     Mr. Kopley and Mass Local Food are persons engaged in the conduct and trade or commerce within the meaning of Massachusetts General Laws Chapter 93A.

35.     The center of gravity of the Mr. Kopley's acts has been primarily and substantially in the Commonwealth of Massachusetts.

36.     Mass Local Food owns protectable common law trademark rights in the Marks, including MASS LOCAL FOOD.

37.     Mr. Kopley had actual knowledge of Mass Local Food's rights in the Marks and of its ownership of the masslocalfood.org domain through his membership of the Massachusetts Local Food Cooperative.

38.     Despite such knowledge of Mass Local Food's rights, Mr. Kopley purchased the masslocalfood.com domain.

39.     Mr. Kopley redirected the masslocalfood.com website to resolve to his website, kalonfarm.com.

40.     Mr. Kopley has refused to comply with Mass Local Food's request to transfer the masslocalfood.com domain.

41.     Moreover, rather than of transferring the masslocalfood.com domain to Mass Local Food, Mr. Kopley has obscured ownership of the domain through a privacy service.

42.     Additionally, Mr. Kopley filed an application with the USPTO to federally register the MASS LOCAL FOOD mark (Ser. No. 85/915937).

43.     Mr. Kopley's acts, conduct, and practices described above, including without limitation the purchasing the masslocalfood.com domain and redirecting

consumer traffic to his website, constitute unfair methods of competition and/or unfair or deceptive acts or practices, which are unlawful under Mass. Gen. Laws Ch. 93A.

44.     As a direct and proximate result of Mr. Kopley's violations of Mass. Gen. Laws Ch. 93A, Mass Local Food has been damaged and will continue to be damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Mass Local Food requests this Court to enter judgment against Defendant and grant Mass Local Food the following relief:

(1) That a preliminary and permanent injunction be entered, enjoining the Defendant, and his agents, employees, licensees, assigns, servants, affiliates, and all other acting in concert or participation with him, from continuing to register the masslocalfood.com domain name pursuant to 15 U.S.C. § 1116 and Mass. Gen. Laws Ch. 93A;

(2) That Defendant be required to relinquish the registration of the masslocalfood.com domain and be further required to transfer such registration to Mass Local Food;

(3) That the Court order that the registration of the masslocalfood.com domain name be transferred from Defendant to Mass Local Food by GoDaddy Operating Company, LLC or other registrar(s) of masslocalfood.com;

(4) That the Court award to Mass Local Food actual and/or statutory damages pursuant to 15 U.S.C. § 1117 in an amount to be determined at trial;

(5) That due to the willful nature of Defendant's actions the amounts of actual damages be trebled pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws Ch. 93A § 11;

(6) That pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws Ch. 93A § 11, Defendant be directed pay Mass Local Food its costs and its reasonable attorney's fees; and

(7) That Mass Local Food have such other and further relief as the Court may be deemed just and proper under the circumstances.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS.


     Massachusetts Local Food Cooperative, Inc.

Date: January 16, 2014         /s/ Aaron Y. Silverstein
                            Aaron Y. Silverstein
                            (BBO No. 660716)
                            SAUNDERS & SILVERSTEIN, LLC
                            14 Cedar Street, Suite 224
                            Amesbury, MA 01913
                            E: asilverstein@massiplaw.com
                            P: (978) 463-9130
                            F: (978) 463-9109

                            **ATTORNEYS FOR PLAINTIFF**